UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EARL AUDLEY SCHNEPP,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:05-CV-398
(Criminal Case No. 1:03-CR-269)

HON. GORDON J. QUIST

## OPINION

This Court has before it Earl Audley Schnepp's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Because Petitioner is not entitled to relief, the Court will dismiss his motion.

### Procedural History

Petitioner pleaded guilty to maintaining a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856(a)(1). In the plea agreement, Petitioner waived his right to appeal. At sentencing, this Court added six offense levels under USSG § 2D1.1(b)(5)(C) for manufacturing methamphetamine while creating "a substantial risk of harm to the life of a minor."[1] This Court then departed downward three levels under USSG § 5K2.0 because Petitioner was manufacturing methamphetamine in a rural area. After calculating a guideline range of 97 to 121 months, this Court sentenced Petitioner to 97 months imprisonment, three years of supervised release, and restitution of $2,652. Petitioner did not appeal.

---

[1] Under the current sentencing guidelines, this addition is codified at USSG § 2D1.1(b)(8)(C).

## Analysis

Petitioner alleges violations of the Sixth and Fourteenth Amendments based on ineffective assistance of counsel.  Specifically, Petitioner alleges that his counsel was ineffective for failing to appeal the application of the six level enhancement under USSG § 2D1.1(b)(5)(C).  The Supreme Court announced in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000), that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  *See Roe*, 528 U.S. at 477.  First, a court must ask whether counsel's performance fell below the reasonably accepted professional standard.  *Regalado v. United States*, 334 F.3d 520 (6th Cir. 2003).  Next, the court must determine whether the "counsel's deficient performance prejudiced the defendant." *Roe*, 528 U.S. at 477.

The Court held in *Roe* that it is professionally unreasonable for a lawyer to fail to file an appeal when specifically instructed to do so by the client. *Id*.  But *Roe* "rejected a per se rule that an attorney must always file an appeal unless specifically told otherwise, and determined that when the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney 'consulted' with the defendant about the benefits and drawbacks of bringing an appeal." *Regalado*, 334 F.3d at 525.  An attorney properly consults with his client if he "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 478.  If the attorney does so, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added).  Should counsel fail to follow the client's express instructions to

appeal, the Court presumes prejudice to the defendant, without regard to the probability of success on appeal. *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004).

If, however, counsel fails to consult with his client, his performance will be deemed to be deficient only when the counsel has reason to think either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds to appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480. In the case at bar, Petitioner's counsel did consult with Petitioner regarding the availbility of an appeal. Both before and after Petitioner's sentencing, Petitioner's attorney discussed the advisability of an appeal with Petitioner. (Van Eck Aff. ¶¶17-21, Government's Resp., Attach. 1.) Thus, the Court finds that counsel did consult with Petitioner.

Therefore, Petitioner was deprived of effective assistance of counsel only if he gave express instructions to his counsel to file an appeal, and his counsel failed to do so. Petitioner alleges that after sentencing, he told his counsel he wanted to appeal. (Pet'r Aff. ¶ 1, Br. in Supp. of Mot., Ex. B.) Petitioner's counsel, however, states that Petitioner never instructed him to file an appeal. (Van Eck Aff. ¶¶17-21, Government's Resp., Attach. 1.) Counsel did send a letter to Petitioner recommending that he not appeal the sentence and informing him that should he desire an appeal, he should file the necessary paperwork himself. (Letter from Van Eck to Schnepp, Pet'r Br. in Supp. of Mot., Ex. A.) After reviewing the affidavits of Petitioner and his counsel, the Court credits counsel's affidavit and finds that Petitioner did not provide his counsel with express instructions to file an appeal. *See Cummings v. United States*, 84 F.App'x 603, 605 (6th Cir. 2003) ("the district court did not commit clear error by crediting counsel's affidavit, insofar as it indicated that [Petitioner] had not asked him to file an appeal."); *Odom v. United States*, No. 99-5506, 99-5768,

3

2000 WL 1175598, at *3 (6th Cir. Aug. 9, 2000) (holding that district court did not clearly err in crediting defense counsel's affidavit over that of Petitioner); *Cross v. United States*, 73 F.App'x 864, 865 (6th Cir. 2003). This conclusion is bolstered by counsel's letter to Petitioner giving his recommendation that he not file the appeal and instructing Petitioner that should he choose to appeal, he should file the appropriate paperwork himself. This letter does not contain any indication that Petitioner instructed counsel to file an appeal. The lack of any reference to Petitioner's alleged demand bolster's counsel's affidavit and leads this Court to conclude that Petitioner did not instruct his counsel to file an appeal. Therefore, because Petitioner had the opportunity to consult with counsel concerning the availability of an appeal and did not expressly instruct his counsel to file an appeal, Petitioner's ineffective assistance of counsel claim fails. For that reason, the Court will dismiss Petitioner's § 2255 motion.

## No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED. In addition, a certificate of appealability will be DENIED.

A separate order will issue.


Dated: October 12, 2007               /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE